Matthias, J.,
 

 dissenting. I regret that I cannot concur in the judgment of the majority. I do not believe it is sustained by reason or weight of authority.
 

 The question presented here is solely one of jurisdiction of a judge of the court of common pleas to admit to bail a person confined in jail, by taking a recognizance in such sum and with such sureties as to the judge seem proper, conditioned as required by law. If he has jurisdiction, clearly an action in prohibition cannot be maintained to prevent its exercise. Section 9, Article I, of the state Constitution, reads:
 

 “All persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident, or the presumption great.”
 

 
 *457
 
 Who is to decide whether the proof be evident or the presumption great? This question was asked and answered by the Supreme Court in the case of
 
 State
 
 v.
 
 Summons,
 
 19 Ohio, 139, as follows:
 

 “Most undoubtedly, the same authority which prescribes the amount of bail and passes upon the sufficiency of the sureties.”
 

 Section 13534, General Code, confers upon the common pleas judge the authority to admit to bail, before or after indictment, any person charged with the commission of a bailable offense. Such jurisdiction having been conferred, a writ of prohibition does not lie to prevent action which it is anticipated may be erroneous, even though amounting to a gross abuse of discretion.
 

 The case of
 
 Kendle
 
 v.
 
 Tarbell,
 
 24 Ohio St., 196, was an action in mandamus, and the court, upon application of a person charged with murder in the first degree, refused to require the judge to hear evidence, but did not have before it the question presented here, and did not decide that the common pleas judge had no jurisdiction to hear and determine the matter, for, in the course of the opinion, it is said:
 

 “We are not called upon by the facts of this case to enter into an examination of the circumstances under which it would be competent or proper, if at all, for the court, in which an indictment is pending for a capital offense, to hear testimony, otherwise than on the trial, for the purpose of showing that the offense was, in fact, bailable. ” ,